BLACK MOTOR COMPANY, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97232. Promulgated February 13, 1940.

George E. H. Goodner, Esq., for the petitioner.

Philip M. Clark, Esq., and Stanley B. Pierson, Esq., for the respondent.

302

OPINION.

ARNOLD: The first issue is to be determined under section 23 (k) of the Revenue Act of 1936, which authorizes the petitioner to deduct "Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; * * *"

In this proceeding the respondent, in the exercise of his sound discretion, determined that $79,332.24 represented a reasonable addition to petitioner's reserve for bad debts for the taxable year. The petitioner offers no proof to support its contention that $94,680.87 is the proper addition to its reserve for bad debts, other than a mathematical computation, whereby it fixes the percent of losses from bad debts, to be applied against its total accounts and notes receivable and deferred certificates of $174,020.71, at 40.95 percent in lieu of the 32.13 percent used by the respondent.

The test, however, is whether the amount ultimately determined, regardless of formula, constitutes a reasonable addition to petitioner's reserve. What constitutes a reasonable addition will depend upon the facts and circumstances of the business engaged in with relation to general business conditions. A method or formula that produces a reasonable addition to a bad debt reserve in one year, or a series of years, may be entirely out of tune with the circumstances of the year involved. Such, in our opinion, is the situation here, and, in the absence of a showing that the allowance contended for by petitioner is more reasonable than the addition determined by the respondent, the latter amount is approved as a reasonable addition to petitioner's reserve for bad debts.

Our approval of respondent's determination could be fortified, if necessary, by the computation appearing in the deficiency notice relating to petitioner's tax liability for 1937. It appears therefrom that respondent permitted the deduction of $6,654.00 more than petitioner's bad debts actually totaled in the subsequent taxable year, which fact corroborates the reasonableness of respondent's determination.

The second issue involves the petitioner's right to deduct an additional $1,500 as salary owed its manager. No accrual was made on petitioner's books of this amount and no claim therefor was made in its tax return. The resolution under which this liability was created was adopted long prior to the taxable year, and said resolution had not been rescinded. The failure to accrue the $1,500 due the manager was reasonably explained, and, since the liability was fixed, the petitioner's taxable income should reflect the existence thereof. *American Snuff Co.* v. *Commissioner*, 93 Fed. (2d) 201; certiorari denied, 303 U. S. 662. In our opinion petitioner is entitled to the additional deduction.

The next issue involves petitioner's dividends paid credit. The applicable statutory provisions respecting this credit provide:

SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

(a) DIVIDENDS PAID CREDIT IN GENERAL.—For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(g) PREFERENTIAL DIVIDENDS.—No dividends paid credit shall be allowed with respect to any distribution unless the distribution is pro rata, equal in amount, and with no preference to any share of stock as compared with other shares of the same class.

Section 27 grants corporations a credit against the surtax on undistributed profits imposed by section 14 of the 1936 Act. Standing alone, subsection (a) of section 27 would provide for a dividends paid credit in the amount of the dividends paid by the corporation during the taxable year. The broad provisions of subsection (a) are, however, expressly limited by the succeeding subsections, and particularly (g)

and (h). Subsection (g) specifically limits the credit to dividends that are distributed pro rata, equal in amounts, and without preference. Distribution means division among those entitled to share.

It appears from the deficiency notice that respondent disallowed the entire amount of the dividends paid credit claimed by petitioner upon the ground that the distributions made were not pro rata and without preference. Our findings show that the distributions were irregular in amount and were not without preference, since the two majority stockholders secured the full amount of their dividends and the other stockholders received only 50 or 25 percent of their dividends. Had the dividends been distributed pro rata in the manner provided for by the petitioner's directors, that is, 2½ percent on the 15th of each month for four months, starting October 15, petitioner would have been entitled to a dividends paid credit of $5,625. Not only did petitioner fail to follow the minutes of its own directors' meeting, but it definitely preferred its principal to its minority stockholders in the distributions made. Such preference and inequality of distribution among stockholders in the same class destroys the right to the credit given in subsection (a), and respondent's determination is therefore approved. See article 27 (a)–1 and article 27 (g)–1, Regulations 94.

In arriving at this construction of section 27 (a) and (g) we have considered petitioner's argument that the declaration created a liability to its stockholders and that such an obligation constituted a property right to each stockholder. But we can not carry this theory to the extent that petitioner contends, namely, that its stockholders were *"paid"* within the meaning of section 27 by the obligations created when the dividend was declared. Section 27 requires more than the creation of a liability to pay; it grants a credit only with respect to "dividends paid during the taxable year."

Petitioner contends in the alternative that it is entitled to a "dividends paid credit" of three-fourths of the dividend, or $5,625, the amount to be paid in cash in 1936; or three-fourths, plus the additional one-fourth of $972.50 which was paid to two of the stockholders in cash, total $6,597.50; or the total amount paid in cash in 1936 of $5,487.50; or the total amount of cash paid on the three installments payable in 1936 of $4,515; and that in no case should the Board allow less than $1,875, the amount of the first installment which was paid in 1936.

Petitioner's last alternative contention that it is entitled to a credit of $1,875, as each stockholder received at least 25 percent of his portion of the dividend in the taxable year, can not be sustained. The record does not show that the dividend payable October 15 was distributed pro rata among the stockholders. Petitioner's two principal stockholders, from the facts shown, may have received more than their pro rata share of that distribution, in fact, may have received the

entire distribution, in which event the distribution could not have been made to all the stockholders pro rata. This view likewise disposes of petitioner's other alternative contentions.

Petitioner's argument with respect to the excess profits tax issue is that if the Board sustains it on the other issues there will be no deficiency with respect thereto. The alleged unconstitutionality of the tax is not argued, possibly because of the weight of authority against this contention, *Del Mar Addition*, 40 B. T. A. 833, and cases cited. We have sustained petitioner on one of the issues presented and in view thereof the excess profits tax deficiency should be recomputed in accordance therewith.

Reviewed by the Board.

*Decision will be entered under Rule 50.*