*Decision will be entered under Rule 50.*

Cox Motor Sales Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 96097.   Promulgated June 25, 1940.

*W. E. Schuelke, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

**OPINION.**

KERN: The applicable provision of the Revenue Act of 1936, section 27, provides:

(a) DIVIDENDS PAID CREDIT IN GENERAL.—For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year.

The Treasury Regulations 94, article 27 (a)–1 (b) and (c), provide in part as follows:

(b) *When dividends are considered paid.*—A dividend will be considered as paid when it is received by the shareholder. A dividends paid credit can not be allowed unless the shareholder receives the dividend during the taxable year for which the credit is claimed.

\* \* \* \* \* \* \*

If a corporation, instead of paying the dividend directly to the shareholder, credits the account of the shareholder on the books of the corporation with the amount of the dividend, the credit for a dividend paid will not be allowed unless it be shown to the satisfaction of the Commissioner that such crediting constituted payment of the dividend to the shareholder within the taxable year.

\* \* \* \* \* \* \*

(c) *Methods of accounting.*—The determination of whether a dividend has been paid to the shareholder by the corporation during its taxable year is in no way dependent upon the method of accounting regularly employed by the corporation in keeping its books or upon the method of accounting upon the basis of which the net income of the corporation is computed. See section 43.

We may assume on the evidence and have so found that the corporate taxpayer declared the dividend in question to its three stockholders on December 24, 1936. This basic fact does not appear to be disputed, although the evidence shows that the resolution was not recorded in the corporation's minute book until six months later and until after the revenue agent had examined the books in connection with the petitioner's return for the taxable year. It also appears to be certain that the taxpayer could not in the circumstances have determined before January 9, 1937, the exact amount of the dividends payable, and that this delay in time was always necessary in closing its accounts for each preceding month. The only other significant facts are that the stockholders were informed of the declaration of

the dividend at the time that it was made, since they were also directors; that there were ample funds in the taxpayer's bank with which it could have paid the dividends in cash when declared; that in its financial statement to the General Motors Corporation at the close of the year petitioner reflected the dividends as paid out of its profits; and that the individual shareholders severally returned the amount of dividends in their tax returns for the year 1936. The taxpayer stresses the fact that it was upon the accrual basis. For reasons to be stated hereinafter we do not regard this as significant.

Section 27 (a) is categorical in its requirement that no dividend credit shall be allowed except for "dividends paid", and the Treasury regulations interpreting this section, the pertinent portions of which we have quoted above, are equally insistent in requiring actual payment. In the face of this requirement the taxpayer is asking us to treat the payment of dividends as constructively made in 1936 on the theory, it is assumed, that they would have constituted constructively received income for the shareholders in that year and by corollary must be considered as constructively paid by the corporation at the same time. This theory involves an assumption as to the facts and also a symmetry of the statute neither one of which is to be taken for granted.

The only case which has been called to our attention or which we have found having any true relation to the problem here is *Sanford Corporation*, 38 B. T. A. 139; affd., 106 Fed. (2d) 882 (C. C. A., 3d Cir.). In that case we were construing a different section of the statute which is in its phraseology, however, very similar to the section before us. Section 351 (b) (2) (C) of the Revenue Act of 1934, dealing with personal holding companies' deductions, provides that in determining the undistributed adjusted net income a deduction may be made of "dividends paid during the taxable year." In that case a personal holding company on a cash basis declared a dividend one day before the close of its fiscal year, but its sole stockholder who alone had authority to pay out funds was not informed of the dividend until after the close of the fiscal year, when he wrote and cashed a check for the dividend. We held that the dividend was not paid during the taxable year, and the Court of Appeals affirmed, saying (p. 884):

It will be observed that in both the undistributed profits surtax act and the one under consideration, the dividends credit provision employs the word "paid." To relieve from tax under the circumstances of the case at bar, it is necessary to interpret the verb against its literal meaning by adding thereto the adverb constructively. Generally speaking, any extension of the unreal doctrine of attaching consequences by the fiction * * * is embarrassing to a proper development of the law.

We do not think that case is distinguishable in principle from this and that the unambiguous words of the statute as applied to personal

holding companies will apply equally to general corporations under section 27.

The petitioner objects that it was on the accrual basis, but this fact we think is immaterial, for in the first place we are not concerned with whether the right of the stockholder has accrued or the liability of the corporation, but with the question of whether the right has so matured as to subject the dividend credited on the corporation's books to the complete control of the stockholder and thereby to remove it from the control of the corporation. The doctrine of constructive receipt here involved implies complete dominion of the property in question and therefore goes far beyond the mere accrual of the right to such property. It is obvious on the facts that the shareholders here could not have had any absolute control of the cash dividend until the final accounting was completed on January 9, 1937. The cases relied upon by the taxpayer to support its thesis of constructive receipt by the shareholders have been for the most part overruled by the Supreme Court's decision in *Avery* v. *Commissioner*, 292 U. S. 210, where it was held that a corporation's dividend declared payable on or before December 31, but not received by the stockholder until the first business day of January, was not "unqualifiedly made subject to the demand of the stockholder" under section 201 (e) of the Revenue Act of 1921. On the authority of that case we are unable to say here that there was any constructive receipt of the dividends by the petitioner's several shareholders in the year 1936.

Even if we assume in petitioner's favor, however, that the Commissioner should have taxed to the shareholders the dividends as constructively received in 1936 it does not follow as a matter of law, however inevitable the conclusion of the syllogism would be in logic, that within the meaning of section 27 the dividends should be considered "paid" in the earlier year by the corporation. See *Black Motor Co.*, 41 B. T. A. 300, 305. The asymmetry of the taxing statutes has been the subject of frequent comment by the courts. See *Helvering* v. *City Bank Farmers' Trust Co.*, 296 U. S. 85. However desirable it may be thought on logical grounds that constructive receipt by the stockholder should imply its correlative, constructive payment by the corporation, see Paul and Mertens, 1 Law of Federal Income Taxation, 1939 Supp., § 32A.24; we are not at liberty on that account to construe the section before us in a way that would obviously pervert the intent of Congress that actual payments should be made by the corporation to justify the deduction of the dividend claimed.

We conclude, therefore, that petitioner's theory is untenable both on fact and theory and that the Commissioner must be sustained.

*Decision will be entered for the respondent.*